UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELIJAH PAGE,<br><br>               Plaintiff,<br>    v.<br><br>CLARK COUNTY FIRE DISTRICT 6 et al.,<br><br>               Defendant. | CASE NO. 3:23-cv-05849-DGE<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION AND STRIKING AMENDED ANSWER |

      This matter comes before the Court on Plaintiff Elijah Page's motion to strike improper amendments to the answer of Clark County Fire District 6 ("FD6"), Kristan Maurer, David Russel, David Schmitt, Eric Simukka (Dkt. No. 56), which this Court previously stated it would treat as a Motion for Reconsideration of this Court's prior order permitting FD6 to file an amended answer. (Dkt. No. 62; *see also* Dkt. No. 54.)

      The procedural history of this matter has created confusion amongst the parties. Plaintiff filed an Amended Complaint on November 3, 2023. (Dkt. No. 20.) FD6 filed a motion to dismiss on November 13, 2023. (Dkt. No. 21.) The Court issued an order granting in part and

denying in part the motion to dismiss and denying Plaintiff's request to file a second amended complaint. (Dkt. No. 39.)

FD6 never answered the amended complaint after its motion to dismiss was denied in part. It is unclear whether FD6 intended to let their original answer stand or simply failed to file a new answer. On July 10, 2024, discovery closed.

On July 12, 2024, FD6 requested to "amend the answer to the complaint." (Dkt. No. 52.) The same day, instead of responding via motion, Plaintiff's counsel emailed the court (with a copy to defense counsel) asking if the motion would be stricken. Defense counsel responded: "Apologies, it may not be clear, this is an answer to Plaintiff's amended complaint, with the amended portion relevant only to the initial answer filed in response to Plaintiff's first complaint. We don't believe we can file different responses to previous answers not responsive to Plaintiff's new complaint without a formal order from the court." (Dkt. No. 56-2 at 2.)

Based on Defendant's confusing statements sent via email and FD6's motion—which failed to mention its belief that its operative pleading was still the original answer to the complaint—the Court concluded FD6 had not yet answered the amended complaint and was now attempting to answer. To avoid default proceedings, the Court issued an "order addressing motion to amend answer to complaint." (Dkt. No. 54.) In that order, the Court set forth its understanding of the procedural history—including the fact that Defendant had failed to answer the amended complaint—and permitted FD6 to answer the amended complaint past the deadline. (Dkt. No. 54.)

On July 16, 2024, FD6 filed its answer to the amended complaint. (Dkt. No. 55.) On July 18, 2024, Plaintiff filed a "motion to strike improper amendments to answer." (Dkt. No. 56.) Plaintiff complained that FD6's new answer retracted dozens of past admissions and

introduced several new affirmative defenses for the first time. (*Id.*) Plaintiff argued this was improper because the deadline to amend pleadings had passed, as had the discovery deadline. (*Id.*) Plaintiff did not address or correct the Court's recitation of the procedural history, which assumed the amended complaint had gone unanswered. (*Id.*)

This Court held a status hearing on August 2, 2024. (Dkt. No. 62.) In that hearing, now with the understanding that FD6 intended its original answer to the unamended complaint to stand and was attempting to amend that original answer, the Court expressed to the parties that it seriously questioned whether Plaintiff's amended complaint "change[d] the scope or theory of the case" to warrant the expansive changes in FD6's most recent answer. The Court informed the parties it intended to treat Plaintiff's motion to strike the amendments as a motion for reconsideration of this Court's order allowing FD6 to submit a new answer.

The Court requested briefing from the parties on the motion to reconsider. (Dkt. No. 62.) The Court instructed the parties to address: (1) how Plaintiff's amended complaint (Dkt. No. 20) changed the scope and theory of the case warranting the amendments to Defendant's operative answer (Dkt. No. 16) and (2) why the amendments should be accepted based on the timing of their submission with respect to the original amended complaint, the deadline for filing amendments, and the close of discovery. (Dkt. No. 62.) Defendant was instructed to file its response in opposition to the motion for reconsideration no later than August 12, 2024. Defendant made no such filing. Plaintiff was instructed to file a reply no later than August 16, 2024. (*Id.*) Plaintiff did not file a reply, presumably because FD6 did not file a response as instructed.

Defendants' failure to respond in this regard constitutes waiver. *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by

ORDER GRANTING MOTION FOR RECONSIDERATION AND STRIKING AMENDED ANSWER - 3

not raising them in opposition to the County's motion . . . ."); *Ramirez v. Ghilotti Bros. Inc.*, 941 F.Supp.2d 1197, 1210 (N.D. Cal. 2013) (deeming argument was conceded where the defendant failed to address it in its opposition); *Armstrong v. Cnty. of Kitsap*, Case No. C04-5461 RBL, 2006 WL 3192518, at *5 (W.D. Wash., Nov. 2, 2009) ("Failure of a party to address a claim in an opposition to [a motion] may constitute a waiver of that claim.").

Reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

The Court finds such highly unusual circumstances present here. Defendants acted with undue delay in requesting to amend their answer after the close of discovery, and Defendants have not shown the amendments were warranted based on any change in the scope or theory of the case by Plaintiff's amended complaint. Allowing the amendments clearly prejudices Plaintiff given that discovery is now closed, and this matter is nearly three months from trial. Defendants failed to file a response in opposition arguing otherwise.

Accordingly, and having considered Plaintiff's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Plaintiff's motion to strike improper amendments to answer—which this Court treats as a motion for reconsideration—is GRANTED. (Dkt. No. 56.) The Court STRIKES the answer filed July 16, 2024. (Dkt. No. 55.) FD6's operative answer is the answer to the amended complaint filed October 13, 2023. (Dkt. No. 16.)

Dated this 20th day of August, 2024.

1
2
3     David G. Estudillo
      United States District Judge
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ORDER GRANTING MOTION FOR RECONSIDERATION AND STRIKING AMENDED ANSWER - 5